**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


GEORGE A. WILLIAMS,
MICHAEL A. PERRYMAN,
MICHAEL B. PRICE, and
JUDY L. SAULS as Personal Representative
for the Estate of Nolen A. Sauls,

       Plaintiffs,

v.                                 CASE NO. 3:00-cv-469-J-12TEM

CONSOLIDATED CITY OF JACKSONVILLE,

       Defendant.

_____

**O R D E R**

    This cause is before the Court on the City of Jacksonville's Motion to Compel

Supplemental Discovery (Doc. #144), Request for Attorneys' Fees and Expenses (Doc.

#145) and Memorandum, which was filed May 20, 2005.  Plaintiffs' response in opposition

(Doc. #153) was filed June 20, 2005.

    Defendant requests the Court compel Plaintiffs to supplement their responses and

production of documents to discovery requests that were originally propounded in August

2000.  Plaintiffs stated their objections and provided initial responses and documents in

September 2000.  In essence, Defendant asserts the original discovery responses were

inadequate and the duty to supplement discovery now mandates Plaintiffs provide

additional answers to the disputed interrogatories and produce additional documents

responsive to the disputed requests for production.  Defendant also seeks to obtain a

number of medical releases from Plaintiffs.  *See* Doc. #144, generally.  Although Plaintiffs

object that discovery at issue was not properly requested, Plaintiffs have amended their answers in response to the disputed requests. *See* Doc. #153, generally.

The Court notes that at the time Defendant's Motion to Compel was filed, the parties were operating under a discovery deadline of June 2, 2005. That deadline had been established at the joint request of the parties. *See* Doc. #132, Plaintiffs' Consent Motion for Enlargement of Time to Complete Discovery; Doc. #134, Endorsed Court Order. A careful reading the Consent Motion (Doc. #132) reveals the parties sought an extension of the discovery period and referenced the need to complete depositions as grounds for the desired enlargement, but the request in the motion did not limit what discovery could be obtained during the enlarged time. Thus, in granting the Consent Motion without comment, the Court did not restrict discovery. Plaintiffs' argument to the contrary (Doc. #153 at 10), is misplaced.

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

Upon consideration of the instant motion (Doc. #144), the response thereto, and the argument of the parties as stated in the memoranda, the Court finds Defendant's requests are due to be **granted in part and denied in part**. As Plaintiffs' objections appear to have been timely made, the Court will not overrule the objections. However, in nearly every instance, Plaintiffs originally indicated they either had or would provide responsive materials that were not subject to valid objections. Thus, it appears supplemental disclosure of

2

discovery pursuant to Fed. R. Civ. P. 26(e) is in order regarding many of the disputed discovery requests.  Therefore, the Court will address each item of dispute in turn.

1.      As to Defendant's discovery request identified as "Discovery A," Plaintiffs now indicate they have provided all documents responsive to Defendant's Request for Production No.1, but also indicate those documents may have been attached to any number of other documents submitted to either the Court or opposing counsel.  (Doc. #153 at 3.)    Request for Production No. 1  asks for "[a]ll documents and physical evidence which Plaintiffs contend support or relate to their claims in the Amended Complaint." (Doc. #144 at 2.)  Plaintiffs shall supplement their response by advising Defendant in writing of the applicable documents.  Plaintiffs identification of the responsive documents should include notation as to the means by which the applicable documents were disclosed—e.g., if a responsive document can be found as an attachment to Plaintiffs' response to a motion for summary judgment, Plaintiffs shall so state.   If the responsive documents can be identified by Bates stamp numbers, Plaintiffs shall so state.

2.      As to Defendant's discovery request identified as "Discovery B," which encompasses Defendant's Request for Production No. 2, Plaintiffs now state they "agree to provide all documents they provided to Dr. Rody Borg, Ph.D., when asking him to prepare the economic report dated April 15, 2001...." (Doc. #153 at 4.)   Request for Production No. 2  reads "[a]ll documents or other evidence which is to be relied on or to be reviewed by any expert and/or lay witnesses for the Plaintiffs in this case."  (Doc. #144 at 3.)  Plaintiffs further indicate they "will" provide a signed medical release for records from Dr. Alan J. Waldman, M.D.  (Doc. #153 at 4.)  As Plaintiffs do not indicate the responsive documents have already been provided to Defendant, Plaintiffs are ordered to produce all

responsive documents not covered by an applicable privilege.  Production should be made as soon as practicable, but not later than **September 30, 2005**.  If either Dr. Borg or Dr. Waldman has treatment or examining records for any of the plaintiffs, the disclosure of which requires a medical release, Plaintiffs shall immediately sign a medical release authorization and provide same to Defendant as soon as practicable, but not later than **September 23, 2005**.  If Plaintiffs have already produced any responsive documents, they shall identify the documents in writing to Defendant.  If produced documents can be identified by Bates stamp numbers, Plaintiffs shall so state.  If produced documents can be identified by attachment to another document, Plaintiffs shall so state.

　　　　3.　　　As to Defendant's request identified as "Discovery C," the Court notes this section of the motion involves multiple production requests for which, in one fashion or another, the Plaintiffs agreed to produce materials but allegedly have failed to do so.

　　　　　　　　Defendant's Request for Production No. 4 reads "[a]ll memoranda, interoffice communications and/or correspondence of any kind between or among the Plaintiffs and the Defendants and/or any of their agents or employees regarding the claims alleged in the Amended Complaint." (Doc. #144 at 5.)  Here, Plaintiffs have restated their objections, but further assert they do not possess "any additional documents responsive to this request other than those identified or produced in response to Discovery A or B, above, or otherwise already disclosed during discovery."  (Doc. #153 at 5.)  To the extent Plaintiffs have provided all responsive documents not subject to valid privilege, Plaintiffs shall supplement their response by advising Defendant in writing of the applicable documents. Plaintiffs' identification of the responsive documents should include notation as to the

means by which the applicable documents were disclosed—e.g., if a responsive document can be found as an attachment to Plaintiffs' response to a motion for summary judgment, Plaintiffs shall so state.  If the responsive documents can be identified by Bates stamp numbers, Plaintiffs shall so state.

Defendant's Request for Production No.8 reads "[a]ll documents which Plaintiffs believe constitute and/or contain evidence of any admission made by the Defendants relevant to this case."  (Doc. #144 at 6.)  Here, Plaintiffs have made the same amended response as was given in the preceding paragraph. *See* Doc. #153 at 5. The Court orders the same supplementation as detailed in the preceding paragraph.

4.      As to Defendant's discovery request identified as "Discovery E,"  Defendant propounded  Interrogatory No. 5 which reads "[p]lease identify all evidence known to the Plaintiffs that 'the City of Jacksonville was aware of Chief Alfred's avowed racially discriminatory agenda against white makes before he was appointed Fire Chief in Jacksonville,' as alleged in paragraph 44 of the Amended Complaint, including the name, address and telephone number of all witnesses who will testify concerning said evidence, and documents." (Doc. #144 at 6.)  In Plaintiffs' amended response, Plaintiffs restate their objections and further assert they do not possess any additional documents responsive to this request other than those identified or produced in response to Discovery A or B, above, or otherwise already disclosed during discovery.  Plaintiffs specifically identify those documents Bates stamped 000316 through 000415 as responsive documents.  (Doc. #153 at 6.)  However, Plaintiffs' amended response provided by Plaintiffs' counsel is not a statement under oath signed by the answering party.  *See* Fed. R. Civ. P. 33(b)(1)-(2).  Plaintiffs will provide a sworn statement in response to Interrogatory No. 5.  If Plaintiffs'

identification of evidence responsive to Interrogatory No. 13 is limited to those documents already produced and labeled by Bates stamps 000316-000415, Plaintiffs shall so state. If other evidence is also responsive to Interrogatory No. 13, then Plaintiffs shall provide specific identification for that evidence, including Bates stamp numbers if applicable.

5.     The discovery request identified as "Discovery H," is comprised of Defendant's Interrogatory No.13.  Interrogatory No. 13 reads "[i]dentify the numbers of the Florida Human Relations Commission Files relating to Plaintiffs' charges described in paragraph 12 of the Amended Complaint, and any and all documents which support Plaintiffs' assertion in paragraph 12 that '[e]ach Plaintiff's EEOC charge is dually filed with the Florida Commission on Human Relations.'" (Doc. #144 at 7.)  In Plaintiffs' amended response, Plaintiffs restate their objections and further assert they do not possess any additional documents responsive to this request other than those identified or produced in response to Discovery A or B, above, or otherwise already disclosed during discovery. Plaintiffs specifically identify those documents Bates stamped 000001 through 000088 as responsive documents.  However, Plaintiffs' amended response is provided by Plaintiffs' counsel in responding to the instant motion and thus is not a statement under oath signed by the answering party.  *See* Fed. R. Civ. P. 33(b)(1)-(2).  Plaintiffs will provide a sworn statement in response to Interrogatory No. 13.  If Plaintiffs' identification of evidence responsive to Interrogatory No. 13 is limited to those documents already produced and labeled by Bates stamps 000001-000088, Plaintiffs shall so state.  If other evidence is also responsive to Interrogatory No. 13, then Plaintiffs shall provide specific identification for that evidence, including Bates stamp numbers if applicable.

6.     The discovery request identified as "Discovery J [sic]," involves Defendant's

Interrogatory No.14, which reads "[i]dentify each and every mental and/or medical provider visited by Plaintiffs or any one of them on account of the "mental anguish" described in paragraph 48 of the Amended Complaint by name, address, and telephone number, indicating all dates on which mental and medical health services were received and to which of the Plaintiffs they were rendered."  (Doc. #144 at 8.)  Here, Plaintiffs restate their original objections and also point to the confusing nature of the wording in Defendant's argument.  It appears to the Court that Defendant's argument on this point contains at least two scrivener's errors.  *See* Doc. #144 at 9.  Notwithstanding those errors, Plaintiffs identify Dr. Waldman as the expert psychiatrist who examined them in connection with their claims of mental anguish and state, "[t]here are no other doctors whom Plaintiffs have seen "on account of their mental anguish."  (Doc. #153 at 8.)  Again, we have an unsworn statement by Plaintiffs' counsel, which Plaintiffs are directed to rectify.

7.     As to the blank medical releases Defendant sent to Plaintiffs, Defendant states "Alan J. Waldman, M.D. evaluated the Plaintiffs regarding the mental state of the Plaintiffs. Dr. Waldman states that he finds that the Plaintiffs are suffering from facts alleged in this action. Dr. Waldman fails to account for other physical or mental circumstances in the lives of the Plaintiffs as being the basis for his conclusions. The medical releases are not only being requested to discover the basis of Dr. Wal[d]man's assessment, but to identify pre-existing conditions as divulged through discovery which may similarly account for Dr. Waldman's findings."  (Doc. #144 at 9.)

Plaintiffs respond, "[t]he Defendant has never propounded a discovery request, seeking all medical records of the Plaintiffs. Simply sending "blank" medical releases, demanding records from all health care providers Plaintiffs have ever seen, is not a

7

discovery request, and it would be overbroad if it were.  Nor is it permissible for the Defendant to demand that such "blank" releases be produced within 7 days, absent a court Order authorizing such a truncated deadline.  Defendant is not entitled to all of Plaintiff's [sic] medical records, but only those related to their claims for mental anguish.  See response to Discovery J, above."  (Doc. #153 at 9.)

Plaintiffs are correct that Defendant is not entitled to see all records from all health care providers.  To allow discovery of such sweeping expanse, would be to permit intrusion well beyond even the broad scope envisioned by Fed. R. Civ. P. 26.  Although Rule 26(b) clearly encompasses a liberal scope of discovery and courts are mandated to "adhere to the liberal spirit of the Rules," *Williams v. City of Dothan, Ala.*, 745 F.2d 1406, 1415 (11th Cir. 1984) (quoting *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 305 (5th Cir. 1973), discovery is not a fishing expedition.  *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (11th Cir. 1992); *Gibbons v. Food Lion, Inc.*, No. 98-1197-CIV-T-23F, 1999 WL 33226474, at *7-8 (M.D. Fla. Feb. 19, 1999).  A threshold showing of relevance must be made.  *See Hofer v. Mack Trucks, Inc.*, 981 F.2d at 380; see also, *Smith v. Logansport Community School Corp.*, 139 F.R.D. 637, 647-649 (the district court ordered plaintiff to execute medical releases for *specifically identified* counseling records, where plaintiff claimed emotional distress) (emphasis added).  Here, Defendant apparently sent several blank medical releases to Plaintiffs' counsel.  In an email to Plaintiffs' counsel, Defendant listed numerous medical sources whose records concerning Plaintiffs' examinations and/or treatments Defendant desires to obtain.  (Doc. #144, Ex. E, p. 25-26.)  However, the defendant has failed to identify any nexus between this wide menagerie of medical records and Plaintiffs' allegations of mental anguish.  Thus, the Court finds Defendant's submission of blank

8

medical releases, followed by an email wherein numerous medical sources are listed, is an insufficient showing of relevancy to require Plaintiffs blindly execute the submitted medical releases.  Plaintiffs will not be required to provide medical releases for records other than those directly relating to their mental states.  Plaintiffs are directed to identify those medical sources with whom they have had any discussions concerning the mental anguish allegedly suffered as a result of the claims made in this litigation, and to execute medical releases for the records retained by those medical sources.

8.    Unless otherwise specified herein, Plaintiffs shall provide the ordered discovery not later than **September 30, 2005**.

9.    In light of the facts of this case and the arguments of the parties, the Court finds an award of attorneys' fees and expenses would be unjust.  Thus, Defendant's request for attorneys' fees and expenses, docketed as a separate motion for the Court's consideration (Doc. #145) is **DENIED**.  Each party shall bear its own fees and expenses associated with the instant motion and response thereto.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of September, 2005.

Copies to All Counsel of Record and
*Pro Se* Parties, if any

**THOMAS E. MORRIS**
United States Magistrate Judge