**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

GEORGE A. WILLIAMS,
MICHAEL A. PERRYMAN,
MICHAEL B. PRICE, and
JUDY C. SAULS as Personal
Representative for the Estate
of Nolen A. Sauls,

        Plaintiffs,

vs.                                          Case No. 3:00-cv-469-J-32TEM

CONSOLIDATED CITY OF
JACKSONVILLE,

        Defendant.

---

**ORDER**[1]

This case is before the Court on Defendant City of Jacksonville's ("City") Motion For Stay Pending Appeal. (Doc. 315.) Having considered the motion and accompanying memorandum, the plaintiffs'[2] response (Doc. 331), and the City's reply

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

[2] Plaintiffs were at the relevant time four lieutenants in the Rescue Division of the Jacksonville Fire and Rescue Department ("Department"). They are George A. Williams, Michael A. Perryman, Michael B. Price, and Nolen A. Sauls, who died after this action was filed, and was replaced by his widow Judy C. Sauls, as

<mark>Case 3:00-cv-00469-TJC-TEM   Document 344   Filed 09/11/06   Page 2 of 3 PageID 3635</mark>

(Doc.337), and upon due consideration, it is hereby

**ORDERED:**

Defendant City of Jacksonville's Motion For Stay Pending Appeal (Doc. 315) is **GRANTED IN PART, AND DENIED IN PART**, as set forth below:

  A. Because the defendant, City of Jacksonville, would be entitled of right to post a supersedeas bond for the monetary portions of the Judgment In A Civil Case (Doc. 309), and the Judgment For Attorneys' Fees, Costs and Expenses (Doc. 343), and because the City is a solvent municipality which will be financially responsible for any final judgment, the Court stays all monetary awards made in the Judgment In A Civil Case (Doc. 309) and the Judgment For Attorneys' Fees, Costs and Expenses (Doc. 343) pending appeal without the necessity of the City filing a supersedeas bond.  See DeKalb County School District v. J.W.M., Case No. CIV.A.1:06CV0125-TCB, __ F. Supp.2d __, 2006 WL 2347399, at *3 (N.D. Ga. Aug. 11, 2006).

  B. With respect to the injunctive relief set forth in Paragraph 3.A. of the Judgment In A Civil Case, (Doc. 309 at 3, ¶ 3.A.), the Court does not believe that the City has made the requisite showing to be entitled to a stay pending appeal. However, given the significance of the relief ordered, the Court, in its discretion, temporarily stays the implementation of this injunctive relief to give the City an

---

personal representative for his estate.

<mark>2</mark>

opportunity to seek a stay pending appeal from the Eleventh Circuit Court of Appeals if it so chooses. See Fed. R. Civ. P. 62(g).  The City has until **October 11, 2006**, to seek a stay from the Eleventh Circuit.  If it does so, this temporary stay will remain in effect until the Eleventh Circuit decides the motion to stay.  If the City does not seek a stay or if the Eleventh Circuit denies the stay, then the City will be required to forthwith effectuate the injunctive relief as set forth in Paragraph 3.A. of the Judgment In A Civil Case.  (Doc. 309 at 3, ¶ 3.A.)

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of September, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

j.
Copies to:
Counsel of Record