**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GEORGE A. WILLIAMS,
MICHAEL A. PERRYMAN,
MICHAEL B. PRICE, and
JUDY C. SAULS as Personal
Representative for the Estate
of Nolen A. Sauls,

        Plaintiffs,

vs.                                      Case No. 3:00-cv-469-J-32TEM

CONSOLIDATED CITY OF
JACKSONVILLE,

        Defendant.

---

**ORDER[1]**

This case is before the Court for a determination of reasonable appellate attorneys' fees to the prevailing plaintiffs/appellees, pursuant to an Order by the Eleventh Circuit Court of Appeals. (Doc. 370.) The Court has considered Appellees' Petition For Attorneys' Fees and exhibits; Appellant's Response To Appellee's Petition For Attorney's Fees and exhibits; and Appellees' Reply To Appellant's

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the matter addressed herein and is not intended for official publication or to serve as precedent.

1

"Response" To Appellees' Petition For Attorneys' Fees and exhibit received from the Eleventh Circuit (see Doc. 372); the parties' motions and briefs filed before the Eleventh Circuit on the substantive appeal (see Docs. 373, 374, 375, 376); and memoranda submitted by the parties to this Court. (Docs. 377, 378.)

## I.     **Standard of Review**

Charged with determining the "reasonableness" of plaintiffs/appellees requested appellate attorneys' fees, the Court uses as guidance the familiar "lodestar" approach. Schafler v. Fairway Park Condominium Ass'n, 147 Fed. Appx. 113, 114-15 (11th Cir. 2005). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In this calculation, the Court should exclude hours that were not reasonably expended. Hensley, 461 U.S. at 434. After calculating this "lodestar" the Court may then, within its discretion, adjust the amount upward or downward based on other considerations not yet figured in the computation, including results obtained and quality of representation. Id.

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). With respect to rates, an applicant may meet this burden by producing either direct evidence of rates

charged under similar circumstances, or opinion evidence of reasonable rates. Id. at 1299.  In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. Id. at 1303.

## II.    Discussion

In this protracted and hotly contested Title VII employment discrimination case, a jury returned a verdict largely in favor of the four plaintiff fire lieutenants and against defendant, the Consolidated City of Jacksonville, Florida ("City").   (Doc. 252.) Judgment was entered on May 15, 2006, in favor of the fire lieutenants, totaling $203,546.96 in compensatory damages, prejudgment interest, post-judgment interest, and injunctive relief requiring the City to promote the three surviving plaintiffs to the rank of rescue captain, retroactive to 1999. (Doc. 309.)  The Court denied the City's post trial motions (Doc. 341), and subsequently entered judgment awarding plaintiffs the amount of $350,013.70 for trial attorneys' fees, and $35,026.55 in costs. (Docs. 342, 343.)   The City appealed the judgments against it   (Doc. 348), and plaintiffs cross-appealed various decisions by the Court (Doc. 355); plaintiffs dismissed the cross-appeal less than four months later "with each party to bear his or its own fees and costs in connection with the cross-appeal only." (Doc. 361.)  On June 14, 2007, the Eleventh Circuit affirmed the judgments entered against the City (Doc.369), see Williams v. Consolidated City of Jacksonville, 237 Fed. Appx. 508 (11th Cir. 2007),

determined that the fire lieutenants were entitled to recover "appellate attorney's fees and . . . fees on fees" and remanded the case to this Court "for a determination as to the reasonable amounts to be awarded to Appellees."  (Doc. 370.)

Plaintiffs/appellees seek $150,645.00 in attorneys' fees for work performed on the appeal between June 13, 2006 and July 9, 2007.  This amount is for 371 hours billed by attorney Scott Fortune at a rate of $295.00 per hour, and 412 billed hours by law clerk Ardian Gjoka a rate of $100.00 per hour.  As support, the plaintiffs/appellees cite to the fact that the City raised six issues on appeal, the voluminous record in this case, and the plaintiffs/appellees' ultimate total success on appeal.

The City responds that counsel for plaintiffs/appellees had three primary tasks on appeal: 1) responding to the City's motion for injunction; 2) preparing and filing an answer brief; and 3) preparing for and attending oral argument.[2]  The City disputes the hourly rate requested by Mr. Fortune, and the number of hours billed. Specifically, the City urges an hourly rate of $280.00 for Mr. Fortune, consistent with the rate awarded to him in the age discrimination case, Reilly v. Duval County Public Schools, No. 3:04-cv-1320-J-32MCR, 2007 WL 2120551 (M.D. Fla. July 23, 2007).  The City proposes that Mr. Fortune's hours be reduced from 371 hours to 267.87 hours (27% reduction); and that Mr. Gjoka's hours be reduced from 412 hours to 205.8 hours

---

[2]  Pursuant to the Eleventh Circuit's order remanding the case, plaintiffs/appellees are also entitled to recovery for the time spent seeking their appellate attorneys' fees.

(50% reduction). In summary, the City requests that plaintiffs/appellees' fee award be set at $75,004 (267.87 hours × $180.00 per hour) for Mr. Fortune, and $20,580 (205.8 hours × $100.00 per hour) for Mr. Gjoka, totaling $95,583.60 in fees, an approximate 36 percent reduction from the amount requested.

### A. Reasonable Hourly Rate

"'A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.'" Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting Norman, 836 F.2d at 1299). In addition, the Court takes into account the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), to the extent they are relevant to the reasonableness of the rate. See Loranger, 10 F.3d at 781, n. 6.

For the third time in less than two years, the Court is asked to determine an appropriate rate for plaintiffs/appellees counsel Mr. Fortune. In Williams v. Consolidated City of Jacksonville, No. 3:00-cv-469-J-32TEM, 2006 WL 4794173 (M.D. Fla. Sept. 11, 2006), in awarding attorneys' fees for the trial portion of this case, the Court, after extensive analysis, determined that the proper hourly rate for Mr. Fortune's work was $260.00 per hour, and that the rate for law clerk Mr. Gjoka was $100.00 per hour, taking into account that the fee was for work on a lawsuit begun in 2000 and litigated through 2006. 2006 WL 4794173, at *5. In Reilly, 2007 WL

2120551, the Court determined that a reasonable hourly rate for Mr. Fortune's work in an age discrimination lawsuit commenced in late 2004 and litigated through July, 2007, was $280.00 an hour. Noting that the time claimed was from June 2006 through July 2007, the same time frame as the Reilly case, the Court determines that $280.00 is a reasonable hourly rate for Mr. Fortune's work in this appeal. See Scelta v. Delicatessen Support Services, Inc., 203 F. Supp.2d 1328, 1331 (M.D. Fla. 2002)("the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services"). Further, the Court agrees with the parties that $100.00 per hour is a reasonable hourly rate for Mr. Gjoka's time.

### B.  Reasonable Hours Expended

In calculating what hours were reasonably spent on the litigation, exclusions for unnecessary or excessive time expended is left to the discretion of the Court. EEOC v. Enterprise Leasing Co., Inc., No. 8:00CV2012T24EAD, 2003 WL 21659097, *3 (M.D. Fla. May 16, 2003)(citing Norman, 836 F.2d at 1301). The Court should exclude unnecessary and redundant hours, Duckworth, 97 F.3d at 1397 (quoting Norman, 836 F.2d at 1301-02). Where documentation is voluminous, the Court does not engage in an hour by hour analysis. St. Fleur v. City of Ft. Lauderdale, 149 Fed. Appx. 849, 854 (11th Cir. 2005) (citing Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001)); see also Loranger, 10 F.3d at 783; a line by line review

of hours spent on discrete billing items in this appeal is neither productive nor necessary. See Wilson v. Dept. of Children and Families, No. 3:02-cv-357-J-32TEM, 2007 WL 1100469, at *4 (M.D. Fla. April 11, 2007).

Plaintiffs/appellees request fees for 371 hours in attorney time plus 412 hours in law clerk time, submitting sixty-seven (67) pages of detailed time entries in support. Translated to weeks, plaintiffs/appellees' fee application represents that Mr. Fortune spent the equivalent of 9.3 (40-hour) work-weeks on this appeal and attorney fee application alone, and that Mr. Gorja worked exclusively on this appeal for the equivalent of 10.3 weeks.

The Court has reviewed the papers filed on appeal and finds that the hours claimed are excessive. See Wilson, 2007 WL 1100469, at *5 (finding 145.5 hours drafting an answer brief excessive); Action Security Service, Inc. v. America OnlLine, Inc., 6:03-cv-1170-Orl-22DAB, 2007 WL 191308, at *8-9 (M.D. Fla. Jan. 23, 2007), aff'd, 241 Fed. Appx. 619 (11th Cir. 2007)(finding 150 hours claimed to defend an appeal excessive); Hoover v. Bank of America Corp., No. 8:02-CV-478-T-23TBM, 2006 WL 2465398 (M.D. Fla. Aug. 24, 2006)(finding excessive hours sought for appeal where legal issues were previously addressed in the long history of the litigation)(Magistrate Judge's August 24, 2006 Report and Recommendation (Doc. 110), adopted by the October 17, 2006 District Court judgment consistent with Magistrate Judge's order (Docs. 115, 116)).

Plaintiffs/appellees filed an 18-page memorandum successfully opposing the City's motion for injunctive relief pending appeal; a 63-page answer brief responding to the six issues raised on appeal by the City; and a 16 page application for appellate fees with affidavits and billing records attached and an 11-page reply.[3] Counsel also was required to prepare for and attend oral argument. While not conducting a line-by-line analysis of plaintiffs/appellees' billing records, the Court agrees with the City's criticisms of the billing as it pertains to time billed prior to the instigation of the appeal; the number of hours spent in "interviews and conferences" by Messrs. Fortune and Gjorka concerning the appeal (40 hours and 60 hours respectively); the length of time (60 hours by Mr. Fortune and 137 hours by Mr. Gjorka) spent "obtaining and reviewing records;"[4] and 66 hours (the equivalent of a week and a half) spent by law clerk Gjorka assisting Mr. Fortune in preparing for and attending oral argument.[5]

Moreover, a number of the issues briefed and argued to the Eleventh Circuit,

---

[3] Plaintiffs/appellees motion to supplement the record on appeal was made to the appellate court in connection with their cross appeal. Plaintiffs/appellees voluntarily dismissed their cross appeal less than four months later, "with each party to bear his or its own fees and costs," (Doc. 361), and the issues raised in the cross appeal were not addressed in the parties' briefs.

[4] According to the trial minutes, the entire trial transcript covered approximately 45 hours of courtroom activity, not counting the jury questions and the verdict. (See Docs. 241-48.)

[5] Plaintiffs' counsel did not contest the City's calculation of hours ascribed to each of these tasks.

including the jury selection *Batson*[6] issue, were the same issues extensively argued to this Court before (via motions in limine), during and after the trial for which plaintiffs have already been compensated. While not minimizing the complexity of the case and its record, and recognizing that plaintiffs/appellees' counsel did an excellent job in winning a hard fought case both at the trial level and on appeal, the Court agrees with the City that an appellate fee award of $150,000.00 would be excessive. See Hoover, 2006 WL 2465398, at * 1.

In determining reasonable appellate fees, another Judge of this Court has recently reduced a fee claim to the maximum it found to be generally reasonable, given the nature of the appeal and its complexity. See Corwin v. Walt Disney World Co., No. 6:02-cv-1377-Orl-19KRS, 2008 WL 754697, at *28 (M.D. Fla. March 18, 2008)(Magistrate Judge's February 15, 2008 Report and Recommendation (Doc. 348 at 48), adopted and affirmed by District Court on March 19, 2008 (Doc. 357)(Fawsett, C.J.)); Hoover, 2006 WL 2465398, at *1. The City proposes a fee award of $95,583.60 as a reasonable fee (a higher percentage of the proposed reduction coming from law clerk time). While it is arguable that even this amount could be considered excessive for defending this appeal, the Court finds a total award of

---

[6] Batson v. Kentucky, 476 U.S. 79 (1986).

$95,583.60 to be reasonable, especially in light of the City's concession to it.[7]

For the foregoing reasons, and upon due consideration, it is hereby

**ORDERED**:

Pursuant to the mandate from the United States Court of Appeals for the Eleventh Circuit Court (Doc. 370), the Court will enter Judgment For Appellate Attorneys' Fees, in favor of Plaintiffs George A. Williams, Michael A. Perryman, Michael B. Price, and Judy C. Sauls, as representative for the estate of Nolen A. Sauls, and against the City of Jacksonville, in the amount of **$95,583.60** plus prejudgment interest at the then-prevailing statutory rate from the September 11, 2007, the date the Eleventh Circuit awarded plaintiffs their appellate attorney's fees, plus post-judgment interest at the statutory rate.  28 U.S.C. § 1961.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of April, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record

---

[7] At Mr. Fortune's hourly rate of $280.00, a fee of $95,583.60 represents the equivalent of Mr. Fortune devoting 268 hours or nearly seven work-weeks, and Mr. Gjoka (at $100.00 an hour) spending 206 hours (more than five weeks) exclusively on this appeal. (See Doc. 377 at 5.)